J-A21026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
   :        PENNSYLVANIA
   :
        v.   :
   :
   :
GEORGE T. MC DUFFIE   :
   :
        Appellant   :   No. 299 EDA 2019

Appeal from the Order Entered December 19, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000599-2015

BEFORE: LAZARUS, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:          Filed: September 17, 2020

Appellant, George T. McDuffie, appeals from the December 19, 2018 Judgment of Sentence entered in the Philadelphia County Court of Common Pleas following his open guilty plea to charges of Aggravated Assault, Robbery, Burglary, Conspiracy to Commit Aggravated Assault, and Possession of a Firearm Prohibited.[1]  Appellant purports to challenge, *inter alia*, the constitutionality of Pennsylvania Rule of Criminal Procedure 556, which permits the Commonwealth to proceed by way of an indicting grand jury when witness intimidation has occurred, is occurring, or is likely to occur.  He also purports to challenge the trial court's denial of his Motion to Withdraw Guilty Plea.  For the reasons below, we affirm.

---

[1] 18 Pa.C.S. §§ 2702(a), 3701(a)(1)(i), 3502(a)(4), 903, 6105(a)(1), respectively.

The relevant facts and procedural history are as follows. On December 14, 2014, Appellant and two other men, all three of whom were armed, forcibly entered the victim's home in Philadelphia. One of the men struck the victim in the head with his firearm. The armed men proceeded through the victim's home, removed items, and then fled.

Police officers nearby observed Appellant come out of the rear driveway behind the victim's house and crouch behind or near a pickup truck. The officers ordered Appellant to stop, and Appellant gave chase before the officers arrested him. The officers recovered a .380 caliber handgun from on top of the tire of the pickup truck beside which Appellant had crouched. The officers also recovered a bracelet belonging to the victim's wife and a ski mask from the sidewalk near the pickup truck.

Police officers transported Appellant to the 18th Police District station. When the officers removed Appellant from their patrol car at the station, they discovered the victim's wallet in the back seat of the car.

Appellant was ineligible to possess a firearm due to a 2001 Aggravated Assault conviction.

The Commonwealth filed a Motion to have Appellant's case presented to an indicting grand jury pursuant to Pa.R.Crim.P. 556,[2] which the trial court

---

[2] As noted above, Pa.R.Crim.P. 556 provides, in relevant part, that a court of common pleas may convene an indicting grand jury "only in cases in which witness intimidation has occurred, is occurring, or is likely to occur." Pa.R.Crim.P. 556(A). In the Motion to Proceed by Indicting Grand Jury, the

granted on January 12, 2015. On January 15, 2015, the grand jury indicted Appellant on multiple charges, including those listed above.[3]

On December 12, 2015, Appellant filed a Motion to Dismiss the grand jury indictment pursuant to Pa.R.Crim.P. 556. Appellant asserted that the then-recently-enacted Rule 556 was unconstitutional;[4] that the Commonwealth failed to meet its burden of establishing probable cause that witness intimidation had occurred, was occurring, or was likely to occur in this case pursuant to Rule 556.2; that the Commonwealth violated the requirements set forth in Rule 556 in the summoning, selecting, and overseeing of the grand jury; and that the Commonwealth's evidence was insufficient to make out a *prima facie* case against him. Motion, 12/12/15. On March 15, 2016, Appellant filed a Motion to Disclose Indicting Grant Jury Discovery.[5] On May 18, 2016, the trial court denied these Motions.

---

Commonwealth alleged that the "victim has expressed his fear of testifying and of possible reprisal by [Appellant] and also multiple unidentified co-defendants." Motion, 1/12/15, at 1.

[3] The grand jury also indicted Appellant on charges of Firearms Not to be Carried Without a License, Carrying Firearms in Public in Philadelphia, and Possession of an Instrument of Crime.

[4] The legislature enacted Pa.R.Crim.P. 556 on June 21, 2012, effective December 18, 2012. Rule 556 underwent amendment effective November 1, 2015.

[5] Appellant renewed this Motion on August 23, 2016.

On January 4, 2017, Appellant filed *pro se* another Motion to Quash his grand jury indictment, which he amended on January 30, 2017, raising essentially the same issues that he raised in his previously-filed counselled Motion to Quash.[6] The trial court held a hearing on the Motions, following which it denied them.

Appellant filed numerous additional *pro se* pre-trial motions. Ultimately, on March 27, 2018, Appellant, still proceeding *pro se*, entered a guilty plea to the above charges.[7]

The trial court sentenced Appellant that same day for his conviction of Possession of a Firearm Prohibited to 3 years of reporting probation, but deferred sentencing on Appellant's other convictions pending a Pre-Sentence Investigation and mental health evaluation. On May 29, 2018, Attorney Shawn K. Page entered his appearance on Appellant's behalf. On May 31, 2018, the trial court sentenced Appellant to an aggregate term of 3 to 6 years' incarceration followed by 5 years of reporting probation.

On June 4, 2018, Appellant filed a Motion to Withdraw his Plea of Guilty asserting that he was innocent of the offenses to which he pleaded guilty and that, on March 16, 2018, a witness provided Confidential Investigative Services, Inc. ("CIS"), a private investigation company appointed by the court

---

[6] Following an October 7, 2016 ***Grazier*** hearing, the trial court permitted Appellant to proceed *pro se*. On January 3, 2017, the court appointed Attorney Jules Szantos as standby counsel.

[7] Attorney Szantos was present at Appellant's guilty plea hearing and acted as standby counsel.

on Appellant's behalf, with a statement allegedly exculpating Appellant. Appellant claimed that CIS provided his standby counsel with information pertaining to the exculpatory statement on March 19, 2018, but that Appellant himself did not "officially receive" a copy of the letter from CIS until March 30, 2018, three days after he entered his guilty plea. Appellant did not aver in the Motion that his standby counsel did not inform him of the exculpatory statement prior to entering his guilty plea. The trial court denied the Motion on December 19, 2018.

This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

1. The [t]rial [c]ourt erred in denying Appellant's [M]otion to [Q]uash the grand jury presentment and/or indictment as unconstitutional in the manner in which it was applied to Appellant.

2. The[t]rial [c]ourt erred in denying Appellant's [M]otion to [W]ithdraw [G]uilty [P]lea.

Appellant's Brief at 4.

Although in his first issue Appellant purports to challenge the constitutionality of Pa.R.Crim.P. 556, this Court's review of Appellant's argument indicates that Appellant actually challenges the trial court's denial of his Motion to Quash his grand jury indictment. Appellant's Brief at 9-10. Appellant essentially argues that the trial court erred in finding that the Commonwealth satisfied its burden of proving that Appellant had engaged, was engaging, or was likely to engage in acts of witness intimidation thereby

permitting the Commonwealth to present this case to an indicting grand jury.

*Id.*

Before we address the merits of this claim, we consider whether it is properly before us. As noted above, Appellant entered an open guilty plea to charges of Aggravated Assault, Robbery, Burglary, Conspiracy to Commit Aggravated Assault, and Possession of a Firearm Prohibited. Once Appellant pleaded guilty, he waived all claims and defenses other than challenges to the jurisdiction of the trial court, the validity of his guilty plea, the legality of his sentence, or, in the case of an open guilty plea, the discretionary aspects of his sentence. *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275, 1277 (Pa. 2014). Accordingly, by entering an open guilty plea, Appellant has waived his challenge to the denial of his Motion to Quash his grand jury indictment.[8]

_____

[8] Moreover, in his Pa.R.A.P. 1925(b) Statement, Appellant merely asserted that the grand jury presentment was "unconstitutional in the manner in which it was applied to [him]" without referencing his claim that the Commonwealth's evidence of witness intimidation was insufficient to warrant the presentation of his case to the grand jury. *See* Pa.R.A.P. 1925(b) Statement, 8/18/19). Appellant's vagueness has, therefore, resulted in waiver of this issue for this reason as well. *See* Pa.R.A.P. 1925(b)(4)(vii) (explaining that any issues not raised in the Rule 1925(b) statement are waived). That Appellant's claim of error was too vague is reflected in the trial court's 1925(a) Opinion where the court only discussed the constitutionality of Pa.R.Crim.P. 556 and did not consider whether the Commonwealth met the burden of proof under the Rule. *See* Pa.R.A.P. 1925(a) Opinion, 10/11/19, at 3-6. *See also Commonwealth v. Vurimindi*, 200 A.3d 1031, 1038 (Pa. Super. 2018) ("A [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no [c]oncise [s]tatement at all.") (citation omitted)).

In his second issue, Appellant claims the trial court erred in denying his Motion to Withdraw Guilty Plea. Appellant's Brief at 11. He argues that the court should have granted his Motion because the Commonwealth violated **Brady v. Maryland**, 373 U.S. 83 (1963), when it withheld "exculpatory evidence" from Appellant until January 16, 2018. **Id.**

We review an order denying a post-sentence motion to withdraw a guilty plea for an abuse of discretion. **Commonwealth v. Gordy**, 73 A.3d 620, 624 (Pa. Super. 2013). We will not disturb the trial court's decision absent an abuse of that discretion. **Id.**

Following the imposition of a sentence, a defendant can withdraw his guilty plea only where it is "necessary to correct a manifest injustice." **Commonwealth v. Kpou**, 153 A.3d 1020, 1023 (Pa. Super. 2016) (citation omitted). A "manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly." **Id.** (citation omitted).

Pa.R.Crim.P. 590 requires that the court take pleas in open court and conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. **Commonwealth v. Hodges**, 789 A.2d 764, 765 (Pa. Super. 2002) (citing Pa.R.Crim.P. 590). Under Rule 590, the court should confirm, *inter alia*, that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) that he is giving up his right to trial by jury and the presumption of innocence; (4) the permissible ranges of sentences and fines possible; and (5) that the court is not bound by the terms of the agreement

unless the court accepts the plea. ***Commonwealth v. Watson***, 835 A.2d 786, 796-97 (Pa. Super. 2003). This Court evaluates the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. ***Commonwealth v. Muhammad***, 794 A.2d 378, 383-84 (Pa. Super. 2002). Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise. ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003).

This Court's review of Appellant's guilty plea colloquy indicates that the trial court complied with Pa.R.Crim.P. 590 in conducting Appellant's thorough and comprehensive guilty plea hearing, and Appellant does not claim otherwise. ***See*** N.T. Guilty Plea, 3/27/18, at 13-27; Written Guilty Plea Colloquies, 3/27/18. Therefore, Appellant entered his guilty plea knowingly, intelligently, and voluntarily. ***See Commonwealth v. Jabbie***, 200 A.3d 500, 506-07 (Pa. Super. 2018) (finding knowing and voluntary guilty plea where the colloquy covered all of the Pa.R.Crim.P. 590 topics).

Nevertheless, Appellant claims that his plea was unknowing because of an alleged ***Brady*** violation by the Commonwealth.

***Brady*** provides that "the suppression **by the prosecution** of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." ***Brady***, 373 U.S. at 87 (emphasis added). ***See***

*also* Pa.R.Crim.P. 573(B)(1)(a) (pertaining to the mandatory disclosure of evidence favorable to the accused which is material to guilt or to punishment of the accused, and which is within the possession or control of the prosecutor). The burden of proof is on the defendant to establish that the Commonwealth withheld evidence. *Commonwealth v. Burkett*, 5 A.3d 1260, 1268 (Pa. Super. 2010).

Appellant has failed to satisfy his burden of proof. First, Appellant has neglected to specify the precise nature of the allegedly exculpatory evidence that the Commonwealth allegedly withheld from him, referring to it only as "exculpatory evidence." The trial court record reflects that he asserted in his Motion to Withdraw Guilty Plea that he received from **his** investigator notice of an allegedly exculpatory witness statement mere days after he entered his guilty plea.[9] There is, however, no support in the record for Appellant's bald claim in his Brief to this Court that the Commonwealth withheld exculpatory evidence.

Second, Appellant has claimed that he received the allegedly exculpatory evidence on January 16, 2018, more than two months before he entered his guilty plea. Yet, Appellant has failed to explain why, if this evidence was exculpatory, he proceeded to enter a guilty plea despite having

---

[9] By definition, evidence discovered by Appellant's own investigator cannot be *Brady* evidence, which is evidence "suppress[ed] by the prosecution." *Brady*, 373 U.S. at 87.

knowledge of the evidence.  Accordingly, Appellant's claim that the trial court erred in not permitting him to withdraw his guilty plea fails.

Judgment of Sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/17/20